IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TRACI MORGAN, *et al.*                                                                        PLAINTIFFS

v.                                           Case No. 1:16-cv-1007

EL DORADO HOME CARE
SERVICES, LLC, *et al.*                                                        DEFENDANTS

**ORDER**

Before the Court is the parties' Second Renewed Joint Motion for Order Granting Approval of FLSA Settlement. (ECF No. 122). The Court finds the matter ripe for consideration.

On February 1, 2016, Plaintiffs filed this suit, alleging that Defendants willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by failing to pay them overtime compensation as required by the FLSA. On May 13, 2016, the Court entered an order granting conditional collective-action certification related to Plaintiffs' claims of unpaid overtime against Defendant El Dorado Home Services, LLC, under section 216(b) of the FLSA, and approving the notice to be sent to collective class members. Notice was sent to all putative collective-action members and four people filed written consent notices to opt into this action. On September 28, 2016, Plaintiffs filed an amended collective-action complaint to include the additional opt-in plaintiffs.

On November 21, 2017, the parties reached a tentative settlement, as captured in a proposed Confidential Settlement Agreement (the "Agreement").[1] Defendants believe that the Agreement requires the Court's approval because it involves FLSA claims. On December 22, 2017, the parties filed a joint motion for approval of settlement, asking the Court to approve their Agreement and

---

[1] Due to the Agreement's confidential nature, the parties filed the Agreement under seal. (ECF No. 122-1).

dismiss this case. On January 9, 2018, the Court denied the parties' joint motion without prejudice because the motion lacked certain necessary information for the Court to evaluate the proposed settlement for fairness. On January 26, 2018, the Court denied the parties' first renewed joint motion without prejudice because the motion still lacked certain necessary information for the Court to evaluate the proposed settlement for fairness. On February 8, 2018, the parties filed the instant motion with additional information to address the concerns previously noted by the Court.

As noted by the Court in its January 9, 2018, order, "[b]efore approving an FLSA settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute." *Younger v. Ctrs. for Youth & Families, Inc.*, No. 4:16-cv-0170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017). The Court previously found that a bona fide dispute exists as to whether Plaintiffs are entitled to overtime pay pursuant to the FLSA, and if so, the amount of unpaid wages Plaintiffs are entitled to; as to whether Defendants willfully violated the FLSA; and as to the number of and accuracy of hours purportedly worked by each Plaintiff.

The Court must now scrutinize the settlement for fairness. To do so, the Court will examine the totality of the circumstances and will consider factors such as: (1) the stage of the litigation and the amount of discovery exchanged; (2) the experience of counsel; (3) the probability of success on the merits; (4) any "overreaching" by the employer in settlement negotiations; and (5) whether the settlement was the product of arms-length negotiations between the parties based on the merits of the case. *See Jordan v. RHD, Jr., Inc.*, No. 2:16-cv-2227-PKH, 2017 WL 3499938, at *1 (W.D. Ark. July 24, 2017).

As the Court discussed in its January 26, 2018, order, the Court has previously reviewed the above-listed factors in relation to the joint motion and the Agreement, and found that, at this

late stage in the litigation, the parties entered into a settlement that was the result of arms-length negotiation and that featured no hallmarks of collusion or "overreaching" by Defendants. The Court also found that the parties' settlement is informed by extensive discovery and that the settlement reflects the case's merits and Plaintiffs' likelihood of success at trial because Plaintiffs would receive fair compensation under the settlement. The Court found further that the Plaintiffs are receiving fair compensation under the settlement and that any disparities in settlement amounts do not give rise to concern that any Plaintiff is recovering at the expense of the others. Accordingly, all that remains is for the Court to scrutinize the fees and costs sought under the Agreement for fairness.

In denying the parties' first renewed motion for approval of settlement, the Court found that it was unable to approve the settlement because it lacked sufficient information to evaluate certain basic aspects of the settlement. In particular, the Court lacked information regarding Plaintiffs' counsel's experience handling FLSA cases to determine whether Plaintiffs' counsel's hourly rates are consistent with the rates of other FLSA attorneys with similar experience and qualifications in the Western District of Arkansas. The Court also noted a lack of information regarding the specific number of hours each of Plaintiffs' attorneys worked on the case, such as an itemized breakdown of each attorney's specific tasks. The Court also lacked information regarding the specific breakdown of costs incurred by Plaintiff's counsel in litigating this case.

In support of the instant motion, Plaintiffs submitted multiple exhibits for *in camera* review, including affidavits and itemized billing statements regarding the attorneys' fees and costs provided by the Agreement. The affidavits and billing statements reveal that a reasonable rate is requested for a reasonable number of hours, and in light of the fact that the requested fees and costs are less than Plaintiffs might be entitled to under a lodestar determination, the Court finds

3

that the requested fees and costs are reasonable. Furthermore, the Court finds that the fees and costs will not be recovered at the expense of the Plaintiffs' wage claims. Therefore, the Court finds that the fees and costs provided for under the Agreement are fair and reasonable, which weighs in favor of a determination that the parties' proposed settlement should be approved.

For the reasons discussed above, the Court finds that the parties' proposed settlement should be approved in its entirety as fair and reasonable. Accordingly, the parties' Second Renewed Joint Motion for Order Granting Approval of FLSA Settlement (ECF No. 122) is hereby **GRANTED**. The parties' confidential settlement is approved and Plaintiffs' claims against Defendants are hereby **DISMISSED WITH PREJUDICE**. The Court shall retain jurisdiction over the terms of the settlement agreement.

**IT IS SO ORDERED**, this 14th day of February, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge